# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 27, 2022

```
* * * * * * * * * * * *
```
PANOS ANDONYADIS,            \*             UNPUBLISHED
                             \*
                             \*             No. 20-326V
               Petitioner,     \*
v.                             \*             Special Master Gowen
                             \*
SECRETARY OF HEALTH       \*             Attorneys' Fees and Costs;
AND HUMAN SERVICES,       \*             Influenza ("flu") vaccine;
                             \*             Guillain-Barre Syndrome
                             \*             ("GBS").
                Respondent.    \*
```
* * * * * * * * * * * *
```
*Glen Howard Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for petitioner.
*Parisa Tabassian,* Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 22, 2022, Panos Andonyadis, ("petitioner") filed a motion for final attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 48). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$31,378.43.**

### I.    Procedural History

On March 23, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble (ECF No. 1). The Petitioner alleged that as a result of receiving the Influenza ("flu") vaccine on August 15, 2018, he developed Guillain-Barre syndrome ("GBS"), which resulted in significant extremity weakness, partial paralysis, and

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

visual fatigue, and in the alternative, that the flu vaccine significantly aggravated an underlying disorder resulting in petitioner developing GBS.

On April 12, 2022, respondent filed a stipulation and the same day I entered a Decision on Stipulation. (ECF No. 43-44). On April 22, 2022, petitioner filed a motion for final attorneys' fees and costs. Fees App. Petitioner requested reimbursement for their attorneys in the total amount of $31,378.43, representing $29,047.05 in attorneys' fees and $2,331.38 attorneys' costs. Fees App. at 3. Respondent filed his response on April 25, 2022, stating that "Respondent is satisfied the statutory requirements for an award for attorneys' fees and costs are met in this case. Response at 2 (ECF No. 49).

The matter is now ripe for adjudication.

## II.    Analysis

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1).  In this case, petitioner was awarded compensation pursuant to a joint stipulation. Therefore, he is entitled to an award of reasonable attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Under the Vaccine Act, an attorney's "reasonable" hourly rate is the "prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the case sits – in this instance, the District of Columbia – unless the attorney performed the bulk of his or her work outside the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. *Id*. at 1348-49 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

In 2015, I authored an extensive decision setting "reasonable" hourly rates for in-forum work on Vaccine Program claims. *McCulloch v. Sec'y of Health & Human Servs.*, No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. 2015). My decision in *McCulloch* has been endorsed by all special masters and it guides all determinations of reasonable hourly rates for all attorneys within the forum. The Office of Special Masters has updated the rates in *McCulloch* to account for inflation in subsequent years. [3] Under McCulloch and the fee schedules, the special master

---

[3] *See* Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed June 13, 2022).

first determines how many years the attorney had been practicing law, in the year in which he or she performed certain work. Attorneys with a certain amount of experience may receive rates within a certain range. An attorney's specific rate within that range depends on his or her general legal experience; specific experience practicing in the Vaccine Program; quality of work performed in this and other vaccine cases; and the reputation in the legal community and in the larger community.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." *Id*. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner herself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### a. Attorneys' Fees

Petitioner requests a total of $29,047.05 for various rates of compensation for attorney Mr. Glen Sturtevant, as well as various paralegals. Fees App. at 8. I have reviewed the requested rates and find them to be in conformance with what Rawls Law Group, P.C. attorneys and staff have previously been awarded for their work by other special masters. *See Ricker v. Sec'y of Health & Hum. Servs.*, No. 20-1428V, 2022 WL 2288516, at *2 (Fed. Cl. May 19, 2022); *Daigle v. Sec'y of Health & Hum. Servs.*, No. 20-0797V, 2022 WL 2282549, at *2 (Fed. Cl. May 13, 2022). Accordingly, no adjustment to the requested rates is necessary.

Petitioner requests the following rates for work of her counsel:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| **Glen Sturtevant** | n/a | $339 | $353 | $372 | $392 |
| **Paralegals/Staff** | $152 | $156 | $163 | $172 | $177 |

Upon review of the submitted billing statement, I find the overall hours spent on this

matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,331.38. This amount is comprised of acquiring medical records, postage, and copying. I have reviewed the records and find them to be reasonable and accordingly, no adjustment to the attorney's costs is necessary.

### III.    Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $29,047.05 |
| **Attorneys' Fees Awarded:** | **$29,047.05** |
| | |
| Attorneys' Costs Requested: | $2,331.38 |
| **Total Attorneys' Costs Awarded:** | **$2,331.38** |
| | |
| Total Attorneys' Fees and Costs Requested: | $31,378.43 |
| **Total Attorneys' Fees and Costs Awarded:** | **$31,378.43** |

Accordingly, I award the following:

1)  **a lump sum in the amount of $31,378.43, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Rawls Law Group, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).